IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SARAH SPITALNICK, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-24-1367 |
| KING & SPALDING, LLP, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Sarah Spitalnick sued Defendant King & Spalding, LLP on claims of unlawful employment discrimination. In its decision docketed February 25, 2025, the Court granted Defendant's motion to dismiss on the ground that Plaintiff lacked standing, depriving this Court of jurisdiction to hear her claims. *See generally* (ECF No. 25-1), *reproduced as Spitalnick v. King & Spalding, LLP*, Civ. No. JKB-24-1367, 2025 WL 608013 (D. Md. Feb. 25, 2025).

Now before the Court is Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss. (ECF No. 27.) The Motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2023). The Motion will be denied.

## I.    BACKGROUND

The facts of the case are set out in the Court's February 25 decision. *See Spitalnick*, 2025 WL 608013, at *1–2. In a nutshell, while searching for summer employment during the spring semester of her first year of law school, Plaintiff encountered a posting, sponsored by Defendant, stating that candidates "must have an ethnically or culturally diverse background or be a member of the LGBT community." *Id.* at *1 (quoting (ECF No. 1 ¶ 13; *id.* Ex. A, at 9)). Plaintiff alleged

that this language deterred her from applying, despite her putatively strong interest in the position. *See id.* at *1–2.

On Defendant's motion, the Court dismissed Plaintiff's claims. The nub of its reasoning was that Plaintiff had not adequately pled that she was "able and ready" to apply to the position. *See Spitalnick*, 2025 WL 608013, at *4–6. Because she had not marshaled plausible allegations that she was "able and ready" to apply, she had not shown that Defendant's hiring practices plausibly deprived her of something she would actually have sought. *See id.* at *6. Instead, her pleadings detailed an essentially hypothetical dispute the Court lacked power to resolve, notwithstanding any genuine outrage she may have felt when she encountered the posting. *But see id.* at *5 n.4 (noting the inconsistency between Plaintiff's stated interests and the position's offerings).

## II.    LEGAL STANDARDS

Federal Rules of Civil Procedure 59(e) and 60(b) allow a litigant to seek a district court's reconsideration of a final order. *See, e.g., Amer. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). But the standards for reconsideration are "strict." *See id.* Under Rule 59(e), a court may amend an earlier judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). And under Rule 60(b), a court may grant relief from an earlier judgment only for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015).

2

### III.    ANALYSIS

Plaintiff says she brings her Motion under both Rules 59 and 60, arguing that the Court committed "clear legal error." (*See* ECF No. 27 at 3.)

This line of attack meets with different standards under the two Rules. Under Rule 59, a decision must amount to a clear error causing manifest injustice, which it cannot do "by being just maybe or probably wrong"; instead, "it must strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 258 (4th Cir. 2018) (citation omitted). And under Rule 60, the standard appears to be lower, requiring only that there be a "mistake"—obvious or not. *See Kemp v. United States*, 596 U.S. 528, 535–36 (2022).

Because Plaintiff identifies no error in the Court's legal analysis, she fails to satisfy either standard.

First, Plaintiff argues that her dismissal evinces the Court's "fundamental misunderstanding of Title VII's statutory standing provisions and the nature of injuries cognizable under Article III." (ECF No. 27 at 3.) In her view, the standing needed to seek relief from a statutory violation is different from that needed to seek relief from a constitutional violation. (*See id.* at 4–5.) And because she brought a claim under Title VII, she believes the Court erred in conducting an Article III "able and ready" analysis over the looser, so-called "statutory standing" inquiry. (*See id.*)

"Statutory standing" is, in essence, a merits question: whether a plaintiff is within the class of individuals whose interests a statute is meant to protect. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127–28 & n.4 (2014). That makes its use of the word "standing," which has strong constitutional associations, something of a misnomer, leading the Supreme Court

to redub the inquiry the "zone-of-interests" test. *See id.* at 127–29 & nn.3–4. It is possible for a plaintiff to have constitutional standing but not be within a statute's zone of interests. *See, e.g., Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 176–78 (2011). Or she may be within the sweep of a statute but nonetheless fall short of articulating an Article III harm. *See, e.g., TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). One thing is clear, however: to press a Title VII (or other statutory) claim in federal court, a plaintiff must establish both that she has a constitutional injury in fact *and* that she and her harm are within the statute's purview.

No party raised, and the Court need not address, whether Plaintiff's circumstances are within Title VII's zone of interests. Even assuming they are, Plaintiff is mistaken in suggesting that Defendant's alleged violation of that statute automatically means she has an Article III injury. It is well settled that conduct can be unlawful without precipitating an injury of the kind federal courts can redress, whether that is because the harm is not concrete enough, *e.g., TransUnion*, 594 U.S. at 426, because the conduct does not affect the plaintiff in an individualized way, *see, e.g., Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 223 (1974), because the harm cannot be fairly attributed to the conduct, *e.g., FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 382–84 (2024), or because the harm has not been (and will not soon be) realized, *e.g., Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409–10 (2013).

Here, the problem was one of constitutional standing—and in particular, of actualness or imminence. *Spitalnick*, 2025 WL 608013, at *5. Courts have consistently held that a would-be applicant is not harmed, in an Article III sense, by a discriminatory criterion—even one that might violate the law—*unless* the would-be applicant shows she was "able and ready" to apply. *See*

*Carney v. Adams*, 592 U.S. 53, 60, 64–66 (2020). Plaintiff's cited authority supplies no reason for this Court to depart from its earlier conclusion that she did not make that showing.[1]

Second, Plaintiff insists that the Court was not appropriately deferential to the Equal Employment Opportunity Commission's finding of reasonable cause to believe Plaintiff had been deterred from applying and Defendant had violated federal employment law. (*See* ECF No. 27 at 4–7.) But the Court need not defer to the EEOC's factual findings or legal conclusions. For one, the EEOC did not address, much less decide, whether Plaintiff had stated an injury in fact. (*See* ECF No. 27-1.) Nor would it, as administrative agencies are not governed by the strictures of Article III. *Yates v. Charles Cnty. Bd. of Educ.*, 212 F. Supp. 2d 470, 472 (D. Md. 2002) (citing *Envirocare of Utah, Inc. v. Nuclear Regul. Comm'n*, 194 F.3d 72, 74 (D.C. Cir. 1999)). And the Court is not bound by the EEOC's findings or conclusions in any event. *See Georator Corp. v. EEOC*, 592 F.2d 765, 768 (4th Cir. 1979); *Nielsen v. Hagel*, 666 F. App'x 225, 231 (4th Cir. 2016); *Woodbury v. Victory Van Lines*, Civ. No. TDC-16-2532, 2018 WL 5830764, at *3 (D. Md. Nov. 7, 2018).

Third, Plaintiff maintains that her standing to sue in May 2024 should have been preserved by her "immediate[]" filing of a charge with the EEOC in February 2021. (*See* ECF No. 27 at 5–6.) While Plaintiff is correct that she needed to initiate an EEOC charge before bringing a suit in federal court, *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000), and that the EEOC did not issue its determination until February 2024, (ECF No. 27-1 at 2), there is no equitable tolling of an injury in fact. As the Court previously explained, "regardless of the temporal form a plaintiff's injury takes—past, present, or future—it is well established that the

---

[1] Plaintiff also seems to argue that a statutorily created injury is always "concrete" for purposes of constitutional injury in fact. (*See* ECF No. 27 at 3–4.) But the issue of concreteness—a requirement of standing independent of actualness or imminence—was neither relevant to nor addressed in the earlier decision. The Court need not address it now.

5

injury 'must exist at the time [she] files her complaint.'" *Spitalnick*, 2025 WL 608013, at *4 (quoting *Penegar v. Liberty Mut. Ins. Co.*, 115 F.4th 294, 303 (4th Cir. 2024)). Besides, any adverse ruling engendered by the delays of the administrative-exhaustion process applies only to Plaintiff's standing for prospective relief. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). The Court's holding on that form of standing was ancillary to its holding that Plaintiff had not shown she had ever met the "able and ready" standard, which was fatal to her claims for *any* relief, retrospective or prospective. *See id.* at *6.

Finally, Plaintiff contends that the Court did not view her claims in the most favorable light and that, in any case, it should have dismissed without prejudice to allow her to amend her complaint. (ECF No. 27 at 5, 7.) But in its prior analysis, the Court did accept Plaintiff's allegations as true and nevertheless concluded that they, along with any inferences reasonably drawn therefrom, did not state a constitutionally cognizable injury in fact. *See Spitalnick*, 2025 WL 608013, at *2, 5–6. Contrary to what Plaintiff argues, that inquiry was independent of the EEOC's conclusion and did not require any deference to it, much less to the EEOC's view on an issue it did not (and would never) address: Article III standing. *See supra.* And Plaintiff is incorrect that her complaint was dismissed with prejudice. "[A] dismissal for lack of standing— or any other defect in subject matter jurisdiction—must be one *without* prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (cleaned up) (emphasis added).

Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss, (ECF No. 27), is DENIED.

DATED this 22 day of May, 2025.

BY THE COURT:

James K. Bredar
United States District Judge